IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WILLIAM GEORGE MITCHELL, | |
| Petitioner, | CIVIL ACTION NO.: 6:17-cv-164 |
| v. | |
| WALTER BERRY, | |
| Respondent. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner William Mitchell ("Mitchell"), who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his Toombs County conviction in 12-CR-92. Docs. 1, 1-2. Respondent filed an Answer-Response and a Motion to Dismiss. Docs. 6, 7. Mitchell filed a Response to the Motion to Dismiss. Doc. 11. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Mitchell's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mitchell *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Mitchell was indicted in the Toombs County Superior Court on one count of theft by taking on August 9, 2012, in case number 12-CR-92. Doc. 8-1 at 1–2. After a negotiated plea, Mitchell was sentenced on this same date to 10 years' probation, to run concurrently with any other sentence, and ordered to pay $3,900.00 in restitution. Doc. 8-2 at 1. This judgment was

filed on August 16, 2012. Id. at 2. Mitchell did not file a direct appeal. Doc. 1-2 at 2; Doc. 8-3 at 2.

Mitchell filed a state application for petition for writ of habeas corpus in the Dooly County Superior Court on December 1, 2014, to challenge his Toombs County conviction. Doc. 1-2 at 2; Doc. 8-3. Mitchell asserted he received excessive punishment and fine in his original and revocation proceedings; his right against double jeopardy was violated due to convictions in two different counties (Emanuel and Toombs) based on the same charges; certain witnesses perjured themselves during the revocation proceedings; and there was insufficient evidence to support his convictions in both the original criminal proceedings and revocation proceedings. Doc. 8-3 at 5–6. Mitchell amended his state application and stated the trial court erred: in failing to advise him of what rights he waived by pleading guilty in his original criminal prosecution; in failing to inform him he had the right to withdraw his guilty pleas; and by revoking his probation under O.C.G.A. § 42-8-34-1(b), and his trial counsel rendered ineffective assistance by failing to inform him of his appeal rights. Doc. 8-4 at 1. Following three evidentiary hearings, the Dooly County Superior Court denied Mitchell's state habeas petition on December 29, 2015. Doc. 8-5; Doc. 8-6. By that order, the Dooly County Superior Court advised Mitchell he had 30 days to file an application for certificate of probable cause to appeal with the Georgia Supreme Court and a notice of appeal in the Dooly County Superior Court within that same 30 days. Doc. 8-5 at 10. The Supreme Court of Georgia dismissed Mitchell's application for certificate of probable cause to appeal the denial on December 8, 2016, after finding Mitchell failed to file the requisite notice of appeal with the Dooly County Superior Court. Doc. 8-6.

Mitchell executed his § 2254 Petition on October 2, 2017, and it was filed in this Court on October 16, 2017. Doc. 1.

## DISCUSSION

In his Petition, Mitchell states the value of the property at issue in his underlying conviction—a utility vehicle, described as a "golf cart" by Mitchell—was not "of the value sought by the courts." Doc. 1 at 5. Mitchell, consequently argues that, "[d]ue to such corruption case is void, should be entirely dismissed." Id. Mitchell asserts his trial counsel misled him as to what his sentence would be if he did not accept the court's plea. Id. at 6. Mitchell also asserts the charges stemming from the indictment in his Toombs County case concerned the same property that his Emanuel County case concerned, but it was "one act divided into 3 parts divided in two counties." Id. at 8.

Respondent contends Mitchell's § 2254 Petition is untimely because he did not file it within one year of his Toombs County conviction becoming "final," and he is not entitled to tolling of the applicable statute of limitations period. Doc. 7-1 at 2, 5.

**I.    Mitchell's Petition is Untimely**

Because Respondent challenges the timeliness of Mitchell's Petition, this Court must look to the applicable statute of limitations period. A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

(A)    the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)    the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

        (C)        the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)        the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Mitchell's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Mitchell was convicted in the Toombs County Superior Court on August 9, 2012, and this judgment was filed on August 16, 2012. Doc. 8-2. Mitchell had a period of 30 days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Mitchell did not file an appeal, doc. 1-2 at 2, and thus, his conviction became final on September 17, 2012.[1] Doc. 7-1 at 4. Because Mitchell's conviction became final on September 17, 2012, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by

---

[1] Mitchell's deadline to file was September 15, 2012, which was a Saturday. Thus, this period was extended to the next business day, which was September 17, 2012. Fed. R. Civ. P. 6(a)(1)(C) (In computing time expressed in days, the last day of that time period is included. If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

4

definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to § 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Mitchell's conviction became final on September 17, 2012. He had one year from that date, or until September 17, 2013, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Mitchell filed his state habeas corpus petition on December 1, 2014, more than two years after his conviction became final. By that time, the statute of limitations period applicable to § 2254 petitions had elapsed. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Mitchell's Petition was filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his §2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace, 544 U.S. at 418). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Mitchell does not present any basis for equitable tolling of the statute of limitations. To be sure, Mitchell offers no reason why he waited more than two years after his state court conviction was final to file a state habeas corpus petition. Thus, Mitchell offers nothing to show that he had been pursuing his rights—diligently or otherwise—and that some extraordinary circumstance prevented him from filing a timely § 2254 petition or a timely application in the state courts attacking his Toombs County conviction. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Mitchell is not entitled to equitable tolling.

For all these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Mitchell's Petition as untimely filed.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Mitchell leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Mitchell has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a

6

frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Mitchell's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable

issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Mitchell *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, doc. 7, **DISMISS** Mitchell's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Mitchell leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Mitchell and Respondent.

    **SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA